UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRIAN COLE,

                                  Plaintiff,

                                                        Case # 24-CV-6087-FPG

v.

                                                        DECISION & ORDER

MERCURY CASUALTY COMPANY, *et al.*,

                                  Defendants.
_____

## INTRODUCTION

Plaintiff Brian Cole brought this action in state court for a declaratory judgment relating to insurance coverage provided by Defendants Mercury Casualty Company and Mercury Insurance Company. ECF No. 1-1. Defendants removed the action to federal court. After the close of discovery, Defendants moved for summary judgment, arguing, *inter alia*, that Plaintiff's action is not ripe for adjudication. ECF No. 15. Plaintiff opposed the motion and cross-moved for summary judgment. ECF Nos. 17, 18. For the reasons discussed below, Defendants' motion is GRANTED.

## DISCUSSION

The facts underlying the parties' dispute are tragic. At the time of the relevant events, Plaintiff was the named insured for a property located in Avon, New York. ECF No. 18-1 ¶ 8. He lived at the property with his wife and son. *See* ECF No. 15-10 at 5-7. The policy was issued by Defendants. ECF No. 18-1 at 2-3.

On July 18, 2021, Plaintiff's son was "being watched by" the wife's stepmother at the Avon property. ECF No. 15-1 at 3; ECF No. 17-1 at 2-3. While the stepmother was mowing the grass at the property, she is alleged to have negligently struck Plaintiff's son, "causing serious injuries to the right arm." ECF No. 15-1 at 3; ECF No. 17-1 at 2-3.

1

Thereafter, Plaintiff and his wife retained a law firm to "pursue claims for damages on behalf of" their son. ECF No. 18-4 at 1. Through that firm, Plaintiff and his wife pursued a claim against the stepmother's insurer, ECF No. 15-9 at 7, and, separately, filed a claim with Defendants, ECF No. 15-9 at 21. In November 2023—after Defendants disclaimed coverage for the incident, ECF Nos. 15-15, 15-16—Plaintiff filed the present action. ECF No. 15-2 at 1-10. He seeks a declaratory judgment confirming that, *inter alia*, Defendants are "obligated to provide coverage for the [the son's] claim[]" against *Plaintiff*—*i.e.*, that the son sustained his injuries "on the Plaintiff's premises due to the negligence of the Plaintiff." ECF No. 15-3 at 8, 10 (emphasis added).

On summary judgment, Defendants argue, among other things, that this declaratory judgment action is premature. *See* ECF No. 15-17 at 18-20. Because the Court agrees, it need not address Defendants' other arguments or Plaintiff's cross-motion.

"Like any other action brought in federal court, a declaratory judgment is available to resolve a real question of conflicting legal interests." *Assoc. Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992). "However, the Declaratory Judgment Act does not—and cannot—confer subject matter jurisdiction." *U.S. Dep't of Treasury v. Off. Comm. of Unsecured Creditors of Motors Liquidation Co.*, 475 B.R. 347, 357 (S.D.N.Y. 2012). "Subject matter jurisdiction under the Declaratory Judgment Act is limited to an actual controversy, and is coextensive with the case or controversy standard embodied in Article III of the Constitution." *Id.*

"The difference between an abstract question and a 'controversy' contemplated by the [Declaratory Judgment Act] is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy." *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 92 (2d Cir. 2023).

2

"That the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action. Rather, courts should focus on the practical likelihood that the contingencies will occur." *Assoc. Indem. Corp.*, 961 F.2d at 35 (internal citations, ellipsis, and quotation marks omitted). "Indeed, litigation over insurance coverage has become the paradigm for asserting jurisdiction despite future contingencies that will determine whether a controversy ever actually becomes real." *Id.* (internal quotation marks omitted).

"In the liability insurance context, courts analyze 'practical likelihood' separately for the duty to defend and the duty to indemnify." *Progressive Cas. Ins. Co. v. Vargas*, No. 23-CV-1370, 2024 WL 4163496, at *7 (D. Conn. Sept. 11, 2014). "Because the duty to defend is triggered by the filing of a lawsuit while the duty to indemnify is triggered by a determination of liability, a district court's jurisdiction to declare an insurer's duty to defend and its duty to indemnify turn on different inquiries." *Id.* (internal quotation marks omitted). "With respect to the duty to defend, the district court must find a practical likelihood that a third party will *commence* litigation against the insured. With respect to the duty to indemnify, the court must find a practical likelihood that the third party will *prevail* in such litigation." *Admiral Ins. Co.*, 57 F.4th at 93. "The party seeking a declaratory judgment bears the burden of proving that the Court has jurisdiction." *Motors Liquidation*, 475 B.R. at 357 (internal quotation marks omitted).

In this case, Plaintiff has failed to marshal any evidence to suggest a practical likelihood that his son will either commence litigation against him or prevail in such litigation. Defendants' involvement in this matter began when Plaintiff's counsel, on the son's behalf, initiated contact in order to determine the liability coverage limits. *See* ECF No. 15-9 at 21; *see also* ECF No. 18-1 at 2. Though he was injured more than four years ago and notified Defendants of the potential claim more than three years ago, Plaintiff's son has apparently taken no steps since then to pursue

3

litigation against Plaintiff. *See, e.g.*, ECF No. 15-8 at 6. Furthermore, Plaintiff himself has never filed a claim with, or requested coverage from, Defendants in connection with anticipated litigation by his son.

Nevertheless, in his opposition memorandum, Plaintiff's counsel asserts that "[t]here should be no question that the injured infant will continue to pursue this claim." ECF No. 18-5 at 10. He proffers no evidence to support that bald assertion, however. The declarations filed by Plaintiff and Plaintiff's wife contain no suggestion that they anticipate any litigation by the son against Plaintiff. *See* ECF Nos. 18-2, 18-4. If anything, the record reveals that the claim submitted to Defendants was merely exploratory: Plaintiff's family was facing significant "medical expenses," ECF No. 15-12 at 3, and was investigating "what, if any, insurance coverage might [still] be available" to Plaintiff's son. ECF No. 18-4 at 1. Indeed, because Plaintiff's counsel apparently represents *both* Plaintiff (in connection with this litigation) and his son (in connection with recovering damages for his injuries), *see* ECF No. 15-9 at 7, 8, 16; ECF No. 18-2 at 1, it is reasonable to presume that there is no present intention for counsel, on behalf of the son, to bring an action against Plaintiff. *See, e.g., Pessoni v. Rabkin*, 633 N.Y.S.2d 338, 338-39 (2d Dep't 1995) (discussing concurrent conflicts of interest). Moreover, it is not even clear to the Court *how* Plaintiff's son could recover against Plaintiff. In New York, there is "no legally cognizable cause of action to recover damages for injuries suffered by a minor child against his or her parent for negligent supervision," *Martinez v. Kaz USA, Inc.*, 121 N.Y.S.3d 880, 881 (2d Dep't 2020) (discussing New York law), and Plaintiff does not otherwise articulate a possible theory of liability.

In sum, Plaintiff's action for declaratory relief is not ripe for adjudication, as there is no evidence to suggest a practical likelihood that Plaintiff's son will commence litigation against

Plaintiff, let alone that Plaintiff's son would prevail in such litigation. *See Admiral Ins. Co.*, 57 F.4th at 93. Because the Court does not have jurisdiction to decide "abstract questions" or advise "what the law would be upon a hypothetical state of facts," *Id.* at 92, the complaint must be dismissed.

## CONCLUSION

For the reasons set forth herein, Defendants' motion for summary judgment (ECF No. 15) is GRANTED, insofar as the complaint is dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's cross-motion (ECF Nos. 17, 18) is DENIED AS MOOT. The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated: October 2, 2025
Rochester, NY

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York